NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY B. PUE,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW JERSEY DEPARTMENT OF LABOR, et al.,<br><br>    Defendants. | Civil Action No. 23-855 (RK) (DEA)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court by way of three motions filed by multiple Defendants[1] in this matter, (ECF Nos. 12, 13 and 15), to dismiss *pro se* Plaintiff Anthony B. Pue's ("Pue") Amended Complaint, ("Am. Compl.," ECF No. 4). Plaintiff opposed, (ECF Nos. 14 and 19), to which two defendants replied (ECF Nos. 21 and 22).[2] The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motions to dismiss are **GRANTED**.

---

[1] Defendants are the New Jersey Department of Labor and Workforce Development and the Division of Workers' Compensation ("NJDOL"), the New Jersey Department of Transit Corporation ("NJT"), Madden & Tufano, LLC, and Ciro Tufano (collectively, "Tufano").

[2] Defendants Madden & Tufano, LLC and Ciro Tufano's motion to dismiss, (ECF No. 12), will be referred to hereinafter as "Tuf. Mot." NJDOL's motion to dismiss, (ECF No. 13), will be referred to hereinafter as "NJDOL Mot." NJT's motion to dismiss, (ECF No. 15), will be referred to hereinafter as "NJT Mot." All other citations to the record will use their ECF number.

I.      **BACKGROUND**

The underlying facts are derived from Plaintiff's Amended Complaint, as well as certain exhibits Defendants submitted with their motions to dismiss.[3] Plaintiff worked as a bus driver with NJDOT for approximately twenty-seven (27) years, and while employed, he suffered injuries as a result of a May 4, 1998 accident that occurred while he was driving. (Am. Compl. ¶¶ 3, 6; Ex. B at 2, ECF No. 8-4.)[4] Plaintiff's injuries included damage to his rotator cuff, shoulders, neck and cervical area, which caused Plaintiff to undergo numerous surgeries. (Am. Compl. ¶¶ 3-6.)

As a result of the injuries, Plaintiff filed four separate claim petitions for workers' compensation benefits with the New Jersey Division of Labor and Workforce Development: 1998-20394, 2008-9954, 2010-15448 and 2017-10469. (*Id.* ¶ 2.) The first claim resulted in Plaintiff being "deemed 45% permanently disabled resulting in a gross award of $83,700." (ECF No. 8-4, Ex. B at 2.) This claim was re-opened twice — once in 2007 and then again 2015 — which resulted in a modified determination that Plaintiff was 67.5% disabled and an increased award of $70,140.00. (Amend Compl. ¶¶ 4–9; ECF No. 8-4, Ex. B at 2.)

Claim petitions 2008-9954 and 2010-15448 were brought before the Workers' Compensation Division. On December 4, 2015, Judge Ingrid L. French denied and dismissed the

---

[3] As the specific factual allegations in the Amended Complaint are at times unclear, the Court reviewed the Amended Complaint in conjunction with the exhibits attached to NJDOL's and Tufano's motions to dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (a court may also review "exhibits attached to the complaint and matters of public record," as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").

[4] Tufano filed both a first and second motion to dismiss. (ECF Nos. 8 and 12.) To the first motion, Tufano attached four exhibits. Three are of note: Exhibit A — the December 4, 2015 Decision of the Honorable Ingrid L. French, Administrative Supervising Judge of Compensation; Exhibit B — the December 23, 2020 Decision of the Honorable Emille R. Cox, Supervising Judge of Compensation; and Exhibit C — the notices of motions to reinstate claim petitions 1998-20394 and 2017-10469. Tufano did not attach these exhibits to its second motion to dismiss; however, it does reference these exhibits throughout its second motion.

2

two claims, finding that "petitioner failed to sustain the burden of proof." (Amend. Compl. ¶ 10; *see also* Ex. A at 2, ECF No. 8-4 ("Claim Petitions 2008-9954 and 2010-15488 are hereby Dismissed with Prejudice for Failure to Sustain the Burden of Proof.").)

Plaintiff filed his fourth petition, 2017-10469, on April 17, 2017, alleging "injuries to his left hand, bilateral shoulder, and [a]nxiety." (Am. Compl. ¶ 15.) On July 1, 2019, Plaintiff sought "a summary determination of total disability" and additional benefits through the "Second Injury Fund Verified Petition" for his two outstanding claims, 1998-20394 and 2017-10469. (Ex. B at 2, ECF No. 8-4; Am. Compl. at ¶¶ 16–17.)[5] The petition was scheduled for trial before the Workers' Compensation Division in December 2020. (Am. Compl. ¶ 17.) However, Judge Emille R. Cox dismissed the "claim petition without prejudice" on December 23, 2020, after Plaintiff advised Judge Cox that he could not afford to retain the expert witness needed for the trial. (*Id.* ¶ 18–19; *see also* Ex. B at 5, ECF No. 8-4 (dismissing petition without prejudice for failure to adhere to procedural requirements).[6]

Following the dismissal, Plaintiff retained the law firm of Madden & Tufano, LLC, and specifically Ciro Tufano, Esq., to represent him in his Second Injury Fund petition. (Am. Compl. ¶ 20.) Tufano reinstated claim petitions 1998-20394 and 2017-10469. (*See* Ex. C, ECF No. 8-4.)

---

[5] As Judge Cox explained in his decision:

> The Second Injury Fund is a special funding program within the department of Labor. It provides benefit payments to totally and permanently disabled works in cases where the cause of disability arises after a prior disability in combination with the latest injury renders the worker permanently and totally disabled. . . . [The application and review] process sometimes entails providing very detailed documentation regarding a claimant's prior medical history as well as his/her current medical condition.

(ECF No. 8-4, Ex. B at 2.)

[6] The Order accompanying Judge's Cox's opinion also notes that the petition was dismissed for "Lack of Prosecution" and for "Failure to produce expert witness in support of his claim." (ECF No. 13-3.)

3

On November 2, 2022, Tufano withdrew as counsel for Plaintiff (*Id.* ¶ 38.) Plaintiff's claim petitions 1998-20394 and 2017-10469 are still pending before Judge Robert R. Prisco, where Plaintiff has elected to proceed *pro se*. (*Id.* ¶¶ 39–40.)

On February 14, 2023, Plaintiff filed the instant suit against NJDOT, NJDOL, Ciro Tufano and Madden & Tufano, LLC. (ECF No. 1.) One week later on February 21, 2023, Plaintiff filed his Amended Complaint, alleging that the Defendants violated his constitutional rights, specifically the Fifth and Fourteenth Amendments, pursuant to 42 U.S.C. §§ 1983 and 1985. (Amend Compl. ¶¶ 29, 30.)[7] Plaintiff seeks "Compensatory Damages under the Second Injury Fund . . . [of] $232,200.00," as well as punitive damages against Defendants under the New Jersey Law Against Discrimination and the federal Constitution. (*Id.* § III, "Entitlements.")

## II.   LEGAL STANDARD

### A.   MOTION TO DISMISS UNDER RULE 12(B)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. A Court's first step in evaluating a motion to dismiss under this rule is to determine whether the moving party presents a facial or factual attack on the complaint at issue. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). This distinction dictates the Court's review. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). "A facial attack 'concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites.'" *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) (citing *CNA*, 535 F.3d at 139). In reviewing a facial attack, "the court looks only at the allegations in pleadings and does so in the light most favorable to the

---

[7] Plaintiff also alleges Tufano's representation violated the New Jersey Rules of Professional Conduct. As discussed further below, the Court finds these allegations without merit.

4

plaintiff." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). On the other hand, on a factual attack, a court may "review evidence outside the pleadings." *Id.; see also Young*, 152 F. Supp. 3d at 345 (D.N.J. 2015) (noting that "[i]n a factual attack on subject matter jurisdiction, plaintiff's allegations enjoy no presumption of truthfulness" and the "burden of persuasions is placed on plaintiffs to establish jurisdiction"). Prior to filing an answer, a defendant's motion to dismiss is considered a facial attack. *Const. Party*, 757 F.3d at 358 (defendant's motion was a "facial attack" because it "filed the attack before it filed any answer to the Complaint or otherwise presented competing facts"); *Curlin Med. Inc. v. ACTA Med., LLC*, No. 16-2464, 2016 WL 6403131, at *2 (D.N.J. Oct. 27, 2016) ("[T]he Third Circuit's recent cases suggest that only facial attacks, and not factual attacks, can be brought in a motion to dismiss before an answer is filed."). Here, because Defendants have filed motions to dismiss prior to answering the Amended Complaint, the Court will construe the Rule 12(b)(1) motions as facial attacks.

**B.    MOTION TO DISMISS UNDER RULE 12(B)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under this rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). A court must only consider "the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the

complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). "Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth." *Valentine v. Unifund CCR, Inc.*, No. 20-5024, 2021 WL 912854, at *1 (D.N.J. Mar. 10, 2021) (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)).

A *pro se* plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Cason v. Middlesex Cnty. Prosecutors' Off.*, No. 18-2101, 2022 WL 2871195, at *3 (D.N.J. July 21, 2022) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002)). Notwithstanding the liberal interpretation, the complaint "may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013).

### III. DISCUSSION

Before the Court are three separate motions to dismiss. NJT argues that Plaintiff's suit is barred on the basis of sovereign immunity under the Eleventh Amendment, and that Plaintiff fails to properly plead under Federal Rule of Civil Procedure 8(a)(2). (NJT Mot. at 4–13.) Further, NJT contends that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine, as well as New

Jersey state court's exclusive jurisdiction over workers' compensation appeals. (*Id.*) On these grounds, NJT contends that Plaintiff's claims must be dismissed with prejudice. (*Id.* at 13–14.)

NJDOL's motion raises similar arguments. Along with sovereign immunity, exclusive state court jurisdiction, and the *Rooker-Feldman* doctrine, NJDOL argues that Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim, as well as for failing to comply with the New Jersey Tort Claims Act's notice requirement. (NJDOL Mot. 4–11.)

Tufano's motion to dismiss argues that Plaintiff's Amended Complaint should be dismissed under 12(b)(6) for failing to state a claim, as well as under 12(b)(1) because the Court lacks subject matter jurisdiction to hear the dispute. (Tuf. Mot. at 5–11.) Tufano contends that neither federal question nor diversity jurisdiction are present, leaving the Court unable to hear the dispute. (*Id.*) Plaintiff's opposition briefs do not meaningfully contest the arguments by the Defendants; instead, Plaintiff argues the underlying facts of his claims and present a myriad of new facts.[8] The Court first turns to the arguments of the New Jersey agencies.

A. **DEFENDANTS NJT AND NJDOL**

Based on the Court's reading of Plaintiff's Amended Complaint, the Court finds it does not have subject-matter jurisdiction over Plaintiff's claims against either NJT or NJDOL. As discussed in more detail below, Plaintiff's claims are barred under the Eleventh Amendment, the *Rooker-Feldman* Doctrine, and the Plaintiff's failure to bring the appeal in state court.

---

[8] While the Court construes Plaintiff's Amended Complaint liberally, the Court cannot consider new facts presented for the first time in opposition. *See Concepcion v. Silver Line Bldg. Prod.*, No. 21-17920, 2022 WL 1748064, at *5 n.7 (D.N.J. May 31, 2022) ("The Court is unable to entertain new facts alleged in [Plaintiff's] opposition brief to this Motion [to Dismiss].").

### 1.     Sovereign Immunity

NJT and NJDOL argue that Plaintiff's claims should be dismissed under the doctrine of sovereign immunity. "[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). This Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity under "the Eleventh Amendment does not permit a damages action against a state in federal court." *Dukes v. New Jersey Transit Corp.*, No. 16-08947, 2018 WL 1378726, at *5 (D.N.J. Mar. 19, 2018). Not only has this amendment "been interpreted to make states generally immune from suit by private parties in federal court," this protection "extends 'to state agencies and departments.'" *Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at *4 (D.N.J. July 15, 2015) (quoting *MCI Telecomm. Corp. v. Bell Atlantic Pa.*, 271 F.3d 491, 503 (3d Cir.2001)). Unless a party waives its sovereign immunity, "a court is without subject matter jurisdiction over claims against . . . agencies or officials in their official capacities." *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012).[9]

To determine whether an "entity is properly characterized as an arm of the state" and thus entitled to sovereign immunity, courts in the Third Circuit have applied a three-factor test: "(1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has." *Bowers v. Nat'l Collegiate*

---

[9] "A waiver of sovereign immunity must be express and unambiguous to confer subject matter jurisdiction on a court." *Treasurer of New Jersey*, 684 F.3d at 396. Here, Plaintiff does not argue that either NJT or NJDOL waived its sovereign immunity, and the Defendants' respective briefs, arguing for dismissal on that basis, do not otherwise suggest waiver.

*Athletic Ass'n*, 475 F.3d 524, 545–56 (3d Cir. 2007). Numerous courts applying this test have held that NJT is an arm of the state. *See Dukes*, 2018 WL 1378726, at *5 (in accord with "this Court and others in the Third Circuit . . . NJT is considered an arm of the state of New Jersey, and as such is entitled to New Jersey's non-waived right of sovereign immunity"); *GEOD Corp. v. New Jersey Transit Corp.*, 678 F. Supp. 2d 276, 288 (D.N.J. 2009) ("Thus, this Court finds after weighing all three factors that NJT is an extension of the State of New Jersey.").[10] Likewise, NJDOL is an arm of New Jersey as well, and thus it too qualifies for sovereign immunity. *Hogg's v. New Jersey*, 352 F. App'x 625, 628 (3d Cir. 2009) (affirming district court's decision that New Jersey Department of Labor and Workforce Development was an arm of the state and owned Eleventh Amendment immunity); *Jentis v. New Jersey*, No. 18-09467, 2023 WL 2570217, at *3 (D.N.J. Mar. 20, 2023) (holding that NJDOL and its subsidiary are "entitled to Eleventh Amendment immunity as arms of the state"). Therefore, as arms of New Jersey, NJT and NJDOL are entitled to sovereign immunity, and the Court lacks jurisdiction to hear this dispute. *See Jentis*, 2023 WL 2570217, at *3.[11]

    2.    *Rooker-Feldman* **Doctrine**

The Court further lacks jurisdiction under the *Rooker-Feldman* Doctrine. This doctrine "divests federal courts of jurisdiction where a federal action 'would be the equivalent of an appellate review' of a state court judgment." *Hogg's*, 352 F. App'x at 629 (quoting *FOCUS v.*

---

[10] While the Third Circuit initially held that NJT "was not an arm of the state . . . intervening case law has required that the three factors be weighed co-equally," resulting in numerous district courts holding NJT qualifies for sovereign immunity. *Ferry v. New Jersey Transit Corp.*, No. 15-5746, 2016 WL 1670917, at *2 (D.N.J. Apr. 26, 2016).

[11] Further, to the extent Plaintiff asserts 42 U.S.C. § 1983 claims against both NJT and NJDOL, these claims must be dismissed as well. § 1983 permits claims against any "person, who under color of any statute . . . subjects or causes to be subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" 42 U.S.C. § 1983. However, neither agency is "recognized as 'persons' under § 1983." *Hogg's*, 352 F. App'x at 628.

9

*Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir.1996)). *Rooker-Feldman* "ensures that federal courts show proper respect for their state counterparts" and "is grounded in principles of federalism." *Bass v. Butler*, 116 F. App'x 376, 381 (3d Cir. 2004). "[A] district court lacks jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Donnelly v. TRL, Inc.*, 420 F. App'x 126, 129 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005)).

The Third Circuit has prescribed a four-part test to determine whether the doctrine applies: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284)).

Here, adhering to Third Circuit precedent, the Court finds that Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. *Hogg's*, 352 F. App'x at 629 (affirming district court's dismissal where Plaintiff's suit alleged errors in NJDOL workers' compensation case because "the relief that federal courts are precluded from granting pursuant to *Rooker–Feldman*"). In the case at bar, Plaintiff seeks damages under the Second Injury Fund, the exact relief that Judge Cox dismissed without prejudice for failure to prosecute. (*See* ECF No. 8-4, Ex. B at 2.) Plaintiff lost in state court, as his petition was dismissed, (Am. Compl. ¶ 19); his claims arise from proceedings held before the Division of Workers' Compensation, (*id.* ¶¶ 39–40); the state court judgment occurred in 2020, prior to the filing of this litigation, (*id.* ¶ 19); and Plaintiff invites the Court to ignore the decision of Judge Cox and award Plaintiff $232,200 dollars under the Second Injury

Fund, (*id.* at § III). Plaintiff's claims satisfy all four factors under *Rooker-Feldman*. Therefore, Plaintiff's claims are barred.

### 3. Exclusive State Court Jurisdiction

New Jersey law is clear that the "Division of Workers' Compensation shall have the exclusive original jurisdiction of all claims for workers' compensation benefits." N.J. Stat. Ann. § 34:15-49. In addition, all "appeal[s] from the judgment of a judge of compensation" are to be taken "to the Appellate Division of the Superior Court." N.J. Stat. Ann. § 34:15-66. Even in cases where Plaintiff "seek[s] redress due to the constitutional violations that resulted from the workers' compensation process . . . the Division of Workers' Compensation has exclusive original jurisdiction of all claims for workers' compensation benefits and appeals may be taken directly to the Superior Court of New Jersey, Appellate Division." *Gillespie v. Janey*, No. 09-885, 2010 WL 777954, at *4 (D.N.J. Mar. 5, 2010), *aff'd*, 441 F. App'x 890 (3d Cir. 2011); *Calix v. A2Z Universal*, No. 15-3169, 2018 WL 1003270, at *2 (D.N.J. Feb. 21, 2018) (noting that the New Jersey "Legislature has conferred exclusive jurisdiction of all claims for workers' compensation benefits' upon the Division of Workers' Compensation." (citations and quotation marks omitted)). As such, the Court lacks jurisdiction to hear appeals of workers' compensation claims, as these must be brought before the Appellate Division of the New Jersey Superior Court.[12]

---

[12] Since the Court lacks subject matter jurisdiction to hear Plaintiff's claims, the Court does not address Defendants' additional arguments. *See Perez*, 2015 WL 4394229, at *5 n.6. However, the Court notes that that two of Plaintiffs' claims may still be actionable before the Division of Workers' Compensation, as these claims were dismissed without prejudice for failure to prosecute. Further, many aspects of Plaintiff's Amended Complaint discuss a lack of counsel. The Court further notes that Plaintiff is free to retain counsel, but he is not entitled to representation. *Melendez v. King*, No. 1833-19, 2021 WL 2562290, at *2 (N.J. Super. Ct. App. Div. June 23, 2021) (noting that there is no "constitutional right to counsel . . . in a workers' compensation case").

11

### B.     TUFANO

Plaintiff's Amended Complaint alleges that Tufano failed to pursue Plaintiffs' claims on his behalf and terminated his representation without cause. (Am. Compl. ¶ 33.) He further contends that Tufano violated numerous New Jersey Rules of Professional Conduct ("*R.P.C.*"), including *R.P.C.* 1.2 (Scope of Representation and Allocation of Authority Between Client); 1.3 (Diligence); and 1.16 (Declining of Terminated Representation). (*Id.*) While Plaintiff does not expressly identify any causes of action against Tufano, the Court will construe the Complaint as potentially asserting a legal malpractice claim against Tufano. *Gilles v. Wiley, Malehorn & Sirota*, 783 A.2d 756, 760 (N.J. Super. Ct. App. Div. 2001) ("[W]hile we recognize that a cause of action for malpractice cannot be based exclusively on the asserted breach of an *R.P.C.*, nevertheless it is clear that the *R.P.C.*s may be relied on as prescribing the requisite standard of care and the scope of the attorney's duty to the client."). Without considering the potential merits of Plaintiff's claims, the Court must dismiss Plaintiff's claims against Tufano for lack of subject-matter jurisdiction.

#### 1.     Subject-Matter Jurisdiction

To maintain subject matter jurisdiction over a dispute, the Court must either have federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *Ibrahim v. Wells Fargo Bank, N.A.*, No.19-13601, 2020 WL 4251477, at *2 (D.N.J. July 24, 2020). Under 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To determine whether jurisdiction exists under 28 U.S.C. § 1331, courts are guided by the well-pleaded complaint rule, "which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Palmer v. Univ. of Med. & Dentistry of New Jersey*, 605

F. Supp. 2d 624, 633 (D.N.J. 2009) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

In the case at bar, Plaintiff at most asserts a legal malpractice claim against Tufano for inadequate representation.[13] However, claims for legal malpractice are governed by state law. *See Gilles*, 783 A.2d at 759–60 (noting elements of legal malpractice claim under New Jersey law). Therefore, the Court does not have federal question jurisdiction pursuant to § 1331.

Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." However, in order for the federal court to have diversity jurisdiction, there must be "'complete diversity' of all the parties, meaning that 'in cases with multiple plaintiffs or multiple defendants, no plaintiff [can] be a citizen of the same state as any defendant.'" *Ibrahim*, 2020 WL 4251477, at *2 (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)) (alteration in original). A natural person is a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). Here, the Amended Complaint does not allege facts to establish that there is diversity in this case. As demonstrated by the address Plaintiff lists on the first page of his Amended Complaint, he is a resident of New Jersey. (Compl. at 1.)[14] Further, Plaintiff does not assert that Tufano resides in a different state. In fact, Plaintiff served Tufano with the Amended Complaint

---

[13] Because this is a facial challenge only under 12(b)(1), the Court only relies on the allegations in the Complaint. *Atkinson*, 473 F.3d at 514. In a factual challenge, the Court may consider evidence outside the pleadings, including those facts averred by Defendant. *Id.* The Court does not need to do so to determine it lacks jurisdiction here. However, the Court notes that Tufano admits he is a citizen of New Jersey, further supporting the lack of subject matter jurisdiction. (Tuf. Mot. at 10.) In addition, Tufano asserts that he resigned as counsel for Plaintiff only after Tufano reinstated Plaintiff's claims petitions and Plaintiff filed an ethics complaint against him. (*Id.* at 8; *See* Exs. C; F; G, ECF No. 8-4.) These facts, if considered, would appear to undermine Plaintiff's potential legal malpractice claim.

[14] Plaintiff otherwise does not state his domicile.

at his law firm's address in New Jersey. (*See* ECF No. 4-1 at 1.) Since this suit is between residents of the same state, diversity is destroyed, and the Court does not have diversity jurisdiction. As it lacks jurisdiction, the Court does not address the merits of Plaintiff's claims against Tufano.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED WITHOUT PREJUDICE**. In an abundance of caution and without rendering any opinion as to the merits of *pro se* Plaintiff's potential claims, the Court grants Plaintiff thirty days to file an amended complaint, consistent with this Opinion. If Plaintiff chooses not to do so, this matter will be dismissed with prejudice, such that Plaintiff will be barred from filing suit against Defendants based on the facts in his Amended Complaint. An appropriate Order will accompany this Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2023