**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ANTHONY B. PUE,

Plaintiff,

v.

NEW JERSEY DEPARTMENT OF LABOR, et al.,

Defendants.

Civil Action No. 23-855 (RK) (DEA)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court by way of three motions filed by multiple Defendants[1] in this matter, (ECF Nos. 28, 29 and 32), to dismiss *pro se* Plaintiff Anthony B. Pue's ("Plaintiff") Second Amended Complaint, ("2AC," ECF No. 25). Plaintiff opposed, (ECF No. 33), and NJDOL defendant replied (ECF No. 34). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's claims will be dismissed with prejudice.

## I. BACKGROUND

This action arrives at the Court related to a series of workers compensation claims brought by Plaintiff for injuries incurred during his approximately twenty-seven (27) years as a bus driver

[1] Defendants are the New Jersey Department of Labor and Workforce Development and the Division of Workers' Compensation ("NJDOL"), the New Jersey Department of Transit Corporation ("NJT"), Madden & Tufano, LLC, and Ciro Tufano (collectively, "Tufano").

for NJDOT. (2AC at 5.)[2] The underlying facts of this dispute are well known to the parties, and have been discussed thoroughly, including in the September 1, 2023 Memorandum Opinion, ("Mem. Op.," ECF No. 23), and Order, (ECF No. 24), dismissing Plaintiff's Amended Complaint, ("AC," ECF No. 4), without prejudice. The Court notes this is not Plaintiff's first attempt to challenge the workers' compensation proceedings. In 2009, Plaintiff filed suit against NJT and NJDOL under 42 U.S.C. § 1983 alleging violations of, *inter alia*, the First, Fifth, and Eighth Amendments, as well as asserting claims under numerous other federal statutes. *See generally,* Complaint, *Pue v. New Jersey Transit Corp. et al*, 09-3471, (D.N.J. July 14, 2009), ECF No. 1. The Honorable Garrett E. Brown, Jr., U.S.D.J. dismissed the complaint for failure to state a claim. *See* Memorandum Opinion, Order, *Pue v. New Jersey Transit Corp. et al.*, 09-3471, (D.N.J. March 24, 2010), ECF Nos. 16, 17.[3]

**A. Factual Background**

As Plaintiff's Second Amended Complaint relies on substantively the same facts and issues of law, the Court will largely rely on the facts as recited in that Opinion and will not reiterate in toto the background facts of the case here. (Mem. Op. at 2–4.) Briefly, Plaintiff contends that he has been unfairly denied "treatment and compensation" for injuries sustained on the job by NJT and the NJDOL. (2AC at 15.) Plaintiff alleges NJT has "evad[ed] or not compl[ied] with the Rules of the Court" and breached a settlement agreement between the parties related to his workers

[2] Page numbers (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3] In addition, in 2010, Plaintiff filed suit against, among others, NJDOL and Judge Renee Ricciardelli, a Workers' Compensation Judge. This suit was dismissed under Local Civil Rule 41.1. for lack of prosecution. *See* Order, *Pue v, Ricciardelli et al.*, No. 10-1135 (D.N.J. Nov. 30, 2010), ECF No. 8. Again, in 2021, the Honorable Chief Freda L. Wolfson, U.S.D.J., dismissed Plaintiff's Complaint against NJT, which alleged violations of a collective bargaining agreement, for a lack of subject matter jurisdiction. *See* Opinion, Order, *Pue v. New Jersey Transit Corp.*, No. 21-13557 (D.N.J. Aug. 1, 2022), ECF Nos. 32, 33. This dismissal was affirmed by the Third Circuit. *See* Judgment, *Pue v. New Jersey Transit Corp.*, No. 22-2616 (3d Circ. April 13, 2023), ECF No. 28.

compensation claims. (*Id.*) Plaintiff alleges NJDOL has allowed NJT's breaches and "has not enforce[d] Plaintiff's rights under the Rule's [sic] of the Court." (*Id.*) Plaintiff also alleges that Tufano, Plaintiff's former attorney, did not properly pursue Plaintiff's worker's compensation claims and improperly terminated the attorney-client relationship. (*Id.* at 14.) Plaintiff alleges substantively the same facts and legal questions in his Second Amended Complaint as in the prior dismissed Amended Complaint. (*See generally* 2AC; *compare* AC.)

**B. Procedural History**

Plaintiff filed his original Complaint on February 14, 2023. (ECF No. 1.) Shortly thereafter, Plaintiff filed his Amended Complaint on February 21, 2023. (ECF No. 4.) The Amended Complaint alleged that "Defendants violated [Plaintiff's] constitutional rights, specifically the Fifth and Fourteenth Amendments, pursuant to 42 U.S.C. §§ 1983 and 1985." (*Id.* at 4.) Defendants all moved to dismiss the Amended Complaint. (ECF Nos. 12, 13 and 15.) In its previous Opinion, the Court dismissed Plaintiff's AC claims against NJDOT and NJDOL, finding the Court lacked subject matter jurisdiction over the action on the basis of sovereign immunity under the Eleventh Amendment. (Mem. Op. at 8–9.) The Court also found Plaintiff's claims against NJDOT and NJDOL barred under the *Rooker-Feldman* doctrine. (*Id.* at 9–11.) This doctrine "divests federal courts of jurisdiction where a federal action 'would be the equivalent of an appellate review' of a state court judgment." *Hogg's v. New Jersey*, 352 F. App'x 625, 629 (3d Cir. 2009) (internal citations omitted). The Court also found that under New Jersey law conferring exclusive jurisdiction of workers' compensation claims to the Division of Workers' Compensation, any appeal must be brought before the Appellate Division of the New Jersey Superior Court rather than federal court. (Mem. Op. at 11.) The Court dismissed claims against Tufano on the basis of lack of subject-matter jurisdiction, as all claims at issue were state law claims, there was no federal

question jurisdiction presented under 28 U.S.C. ¶ 1331, and Plaintiff did not plead diversity under 28 U.S.C. § 1332. (*Id.* at 12–14.)

Plaintiff filed his Second Amended Complaint on September 28, 2023. (ECF No. 25.) Like Plaintiff's prior dismissed complaint, here the Second Amended Complaint brings claims against NJDOT, NJDOL, Ciro Tufano and Madden & Tufano, LLC. for violations of his constitutional rights, specifically the Fifth and Fourteenth Amendments, pursuant to 42 U.S.C. §§ 1983 and 1985, and state law. (2AC at 24–25.)[4] Plaintiff also alleges injury under 18 U.S.C. § 1589(a)(1). (*Id.* at 25.) Plaintiff again seeks "Compensatory Damages under the Second Injury Fund . . . [of] $232,200.00," as well as punitive damages against Defendants under the New Jersey Law Against Discrimination and the federal Constitution. (*Id.* at 23–24.)[5] Defendants all moved to dismiss.[6]

---

[4] Plaintiff also appears to allege that Tufano's representation violated the New Jersey Rules of Professional Conduct, which fails to assert a cause of action in federal court.

[5] The Second Injury Fund is defined in the Court's prior Memorandum Opinion:

> The Second Injury Fund is a special funding program within the department of Labor. It provides benefit payments to totally and permanently disabled works in cases where the cause of disability arises after a prior disability in combination with the latest injury renders the worker permanently and totally disabled. . . . [The application and review] process sometimes entails providing very detailed documentation regarding a claimant's prior medical history as well as his/her current medical condition.

(Mem. Op. at 3 n.5 (quoting ECF No. 8-4, Ex. B at 2).)

[6] On February 26, 2024 Plaintiff submitted an additional document to the Court titled "Supreme Court Submission." (ECF No. 35.) This document demonstrates the Supreme Court of New Jersey's District IIIB Ethics Committee dismissed Plaintiff's ethics complaint against Tufano, finding there was no "clear and convincing evidence" of unethical conduct by Tufano in the disciplinary complaint. (*Id.* at 18.) The investigation report suggests Plaintiff did not participate in the investigation process, although the investigator gave him the opportunity to do so. (*Id.* at 12.) These additional facts do not alter the Court's analysis of the basic facts of Plaintiff's claim against Tufano as alleged in the Second Amended Complaint.

## II. LEGAL STANDARD

### A. FEDERAL RULE OF CIVIL PROCEDURE (12)(B)(1)

Under Rule 12(b)(1), a defendant may move to dismiss based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) (citation and quotation marks omitted). Prior to filing an answer, a defendant's motion to dismiss is considered a facial attack. *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (defendant's motion was a "facial attack" because it "filed the attack before it filed any answer to the Complaint or otherwise presented competing facts"); *Curlin Med. Inc. v. ACTA Med., LLC*, No. 16-2464, 2016 WL 6403131, at *2 (D.N.J. Oct. 27, 2016) ("[T]he Third Circuit's recent cases suggest that only facial attacks, and not factual attacks, can be brought in a motion to dismiss before an answer is filed."). Here, because the Defendants have filed their Motions to Dismiss prior to answering the Complaint, the Court will construe the Rule 12(b)(1) motions as facial attacks. Accordingly, "the court must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). On this posture, a court presumes that it lacks subject matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations

omitted); *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (when jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion).

### B. Federal Rule of Civil Procedure (12)(b)(6)

Under Rule (12)(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." R. 12(b)(6). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). "A pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). It is well established that a *pro se* complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is obligated to construe *pro se* claims liberally and afford *pro se* plaintiffs the benefit of every doubt. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005). Notwithstanding the liberal interpretation, the complaint "may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013).

## III. DISCUSSION

Before the Court are three separate motions to dismiss. (ECF Nos. 28, 29 and 32.) All three motions largely rely on the same arguments as those the Defendants put forth in response to Plaintiff's Amended Complaint. (ECF Nos. 12, 13 and 15.) Here, NJT again argues that Plaintiff's suit is barred on the basis of sovereign immunity under the Eleventh Amendment. ("NJT Motion," ECF No. 32-1 at 10–15.) Further, NJT contends that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine, as well as New Jersey state court's exclusive jurisdiction over workers' compensation appeals. (*Id.*) On these grounds, NJT contends that Plaintiff's claims must be dismissed with prejudice. (*Id.* at 15–17.)

NJDOL's motion raises similar arguments. Along with sovereign immunity, exclusive state court jurisdiction, and the *Rooker-Feldman* doctrine, NJDOL argues that Plaintiff's claims should be dismissed under Rule 12(b)(6) for failing to state a claim, as well as for failing to comply with the New Jersey Tort Claims Act's notice requirement. ("NJDOL Motion," ECF No. 29-1 at 10–19.)

Tufano's motion to dismiss argues that Plaintiff's Second Amended Complaint should be dismissed under Rule 12(b)(6) for failing to state a claim, as well as under 12(b)(1) because the Court lacks subject matter jurisdiction to hear the dispute. (Tufano Motion, ECF No. 28 at 5–8.) Tufano contends that neither federal question nor diversity jurisdiction are present, rendering the Court without subject matter jurisdiction. (*Id.*) Plaintiff's opposition brief does not meaningfully contest the arguments by the Defendants. The Court first turns to the arguments of the New Jersey agencies.

### A. DEFENDANTS NJT AND NJDOL

Based on the Court's reading of Plaintiff's Second Amended Complaint, Plaintiff has not remedied the deficiencies in his claims against NJT or NJDOL, and thus, the Court lacks subject-matter jurisdiction over claims against either New Jersey Defendant. As discussed in more detail below, Plaintiff's claims are barred under the Eleventh Amendment, the *Rooker-Feldman* Doctrine, and Plaintiff's failure to bring his appeal in state court.

#### 1. Sovereign Immunity

In its prior Opinion, the Court dismissed Plaintiff's claims against NJDOT and NJDOL based on sovereign immunity. (Mem. Op. at 8–9.) Defendants NJDOT and NJDOL argue the Court should do so again here. (NJDOL Motion at 10; NJT Motion at 10.)

"[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). This Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity under "the Eleventh Amendment does not permit a damages action against a state in federal court." *Dukes v. New Jersey Transit Corp.*, No. 16-08947, 2018 WL 1378726, at *5 (D.N.J. Mar. 19, 2018). Not only has this amendment "'been interpreted to make states generally immune from suit by private parties in federal court,'" this protection "'extends to state agencies and departments.'" *Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at *4 (D.N.J. July 15, 2015) (quoting *MCI Telecomm. Corp. v. Bell Atlantic Pa.*, 271 F.3d 491, 503 (3d Cir.2001)). Unless a party waives its sovereign immunity, "a court is without subject matter

jurisdiction over claims against . . . agencies or officials in their official capacities." *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012).[7]

In its prior Opinion, the Court held that as arms of the state of New Jersey, NJT and NJDOL were entitled to sovereign immunity, and the Court lacked jurisdiction to hear this dispute. (Mem. Op. at 9.) *See Jentis v. New Jersey*, Civ No. 18-09467, 2023 WL 2570217, at *3 (D.N.J. Mar. 20, 2023). Plaintiff has not alleged any additional facts in his Second Amended Complaint that would change the Court's analysis of the applicability of sovereign immunity under the Eleventh Amendment to these two agencies or suggest either agency waived its immunity. Therefore, the Court still lacks jurisdiction to hear this dispute and Plaintiff's claims against NJDOT and NJDOL must be dismissed.[8]

**2. *Rooker-Feldman* Doctrine**

The Court's prior Opinion found it lacked jurisdiction over this dispute under the *Rooker-Feldman* Doctrine. (Mem. Op. at 11.) This doctrine "divests federal courts of jurisdiction where a federal action 'would be the equivalent of an appellate review' of a state court judgment." *Hogg's*, 352 F. App'x at 629 (quoting *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir.1996)). *Rooker-Feldman* "ensures that federal courts show proper respect for their state counterparts" and "is grounded in principles of federalism." *Bass v. Butler*, 116 F. App'x

[7] "A waiver of sovereign immunity must be express and unambiguous to confer subject matter jurisdiction on a court." *Treasurer of New Jersey*, 684 F.3d at 396. Here, Plaintiff does not argue that either NJT or NJDOL waived its sovereign immunity, and the Defendants' respective briefs, arguing for dismissal on that basis, do not otherwise suggest waiver.

[8] Further, to the extent Plaintiff asserts 42 U.S.C. § 1983 claims against both NJT and NJDOL, these claims again must be dismissed as well. § 1983 permits claims against any "person, who under color of any statute . . . subjects or causes to be subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" 42 U.S.C. § 1983. However, neither agency is "recognized as 'persons' under § 1983." *Hogg's*, 352 F. App'x at 628. Plaintiff's Second Amended Complaint proffers no new facts or law to dispute this.

376, 381 (3d Cir. 2004). "[A] district court lacks jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Donnelly v. TRL, Inc.*, 420 F. App'x 126, 129 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005)).

The Third Circuit has prescribed a four-part test to determine whether the doctrine applies: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284)).

Here, Plaintiff has not alleged any facts in his Second Amended Complaint that change the Court's analysis that Plaintiff's claims satisfy all of the *Rooker-Feldman* factors. (Mem. Op. at 10–11.) Therefore, Plaintiff's claims as articulated in the Second Amended Complaint are barred.

**3. Exclusive State Court Jurisdiction**

New Jersey law is clear that the "Division of Workers' Compensation shall have the exclusive original jurisdiction of all claims for workers' compensation benefits." N.J. Stat. Ann. § 34:15-49. In addition, all "appeal[s] from the judgment of a judge of compensation" are to be taken "to the Appellate Division of the Superior Court." N.J. Stat. Ann. § 34:15-66. Even in cases where Plaintiff "seek[s] redress due to the constitutional violations that resulted from the workers' compensation process . . . the Division of Workers' Compensation has exclusive original jurisdiction of all claims for workers' compensation benefits and appeals may be taken directly to the Superior Court of New Jersey, Appellate Division." *Gillespie v. Janey*, No. 09-885, 2010 WL

777954, at *4 (D.N.J. Mar. 5, 2010), *aff'd*, 441 F. App'x 890 (3d Cir. 2011); *Calix v. A2Z Universal*, No. 15-3169, 2018 WL 1003270, at *2 (D.N.J. Feb. 21, 2018) (noting that the New Jersey "Legislature has conferred exclusive jurisdiction of all claims for workers' compensation benefits' upon the Division of Workers' Compensation." (citations and quotation marks omitted)).

In its prior Opinion, the Court found that it lacked jurisdiction to hear appeals of workers' compensation claims, as these must be brought before the Appellate Division of the New Jersey Superior Court. (Mem. Op. at 11.) Plaintiff's Second Amended Complaint does not allege additional facts that change this analysis, and thus the Court lacks jurisdiction over these claims.

### B. TUFANO

Plaintiff's Second Amended Complaint reiterates allegations against Tufano that include a failure to pursue Plaintiff's claims on his behalf and termination of his representation without cause. (2AC at 18–22.) He further contends that Tufano violated New Jersey Rules of Professional Conduct ("*R.P.C.*"), including *R.P.C.* 1.2 (Scope of Representation and Allocation of Authority Between Client); 1.3 (Diligence); and 1.4 (Communication). (*Id.* at 21.) As in its prior Opinion, the Court construes the Complaint as asserting a legal malpractice claim against Tufano. *Gilles v. Wiley, Malehorn & Sirota*, 783 A.2d 756, 760 (N.J. Super. Ct. App. Div. 2001) ("[W]hile we recognize that a cause of action for malpractice cannot be based exclusively on the asserted breach of an *R.P.C.*, nevertheless it is clear that the *R.P.C.*s may be relied on as prescribing the requisite standard of care and the scope of the attorney's duty to the client." (citations omitted)). In its prior opinion, the Court did not reach the potential merits of Plaintiff's claims, as it dismissed Plaintiff's claims against Tufano for lack of subject-matter jurisdiction. (Mem. Op. at 12.)

The Court held there was neither federal question jurisdiction over Plaintiff's claims against Tufano pursuant to 28 U.S.C. § 1331 nor diversity jurisdiction under 28 U.S.C. § 1332.

(*Id.* (citing *Ibrahim v. Wells Fargo Bank, N.A.*, No.19-13601, 2020 WL 4251477, at *2 (D.N.J. July 24, 2020).) The Court construed Plaintiff's complaints against Tufano to be, at most, legal malpractice claims, which are governed by state law. (Mem. Op. at 13 (citing *Gilles*, 783 A.2d at 759–60).) Therefore, the Court did not have federal question jurisdiction pursuant to § 1331. (Mem. Op. at 12–13.) The facts as alleged in Plaintiff's Second Amended Complaint do not change this analysis.

The Court then found that the Amended Complaint did not allege facts to establish diversity in this case under 28 U.S.C. § 1332. (Mem. Op. at 13.) Plaintiff is a resident of New Jersey, and does not allege that Tufano is a resident of another state. (*Id.*) The Court found that this suit was between residents of the same state, diversity was destroyed, and the Court lacked jurisdiction over Plaintiff's claims. (*Id.* at 13–14).

In his Second Amended Complaint, Plaintiff does not allege additional facts that would give the Court jurisdiction over the claims against Tufano. Plaintiff does not claim that he is no longer a resident of New Jersey, nor does he allege that Tufano is a resident of another state.

Therefore, the Court lacks either federal subject matter or diversity jurisdiction to hear Plaintiff's claims against Tufano. As it lacks jurisdiction, the Court does not address the merits of Plaintiff's claims against Tufano and dismisses all claims.

**C. Dismissal With Prejudice**

The court need not dismiss without prejudice and with leave to amend if amendment would be "inequitable or futile." *See also Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC*, No. 16-6510, 2019 WL 2281632, at *4 (D.N.J. May 29, 2019) (dismissing with prejudice because plaintiff had repeatedly failed to correct the same deficiency in his pleading); *Henry v. City of Allentown*, No. 12-1380, 2013 WL 6409307, at *2 (E.D. Pa. Dec. 9, 2013) ("[A] District

Court may exercise its discretion and refuse leave to amend if such amendment would be futile, particularly when a plaintiff has had multiple opportunities to improve the pleadings."); *Mesadieu v. City of Linden*, No. 18-14561, 2019 WL 2514715, at *5 (D.N.J. June 18, 2019), *aff'd*, 791 F. App'x 294 (3d Cir. 2020) (dismissing with prejudice and finding any "further amendment would be futile" where the Court previously "set forth the deficiencies with Plaintiff's claims and Plaintiff failed to cure any of those deficiencies in the FAC.").

Here, Plaintiff has had repeated attempts to cure his deficient pleading. Instead, Plaintiff's Second Amended Complaint largely reiterates the allegations set forth in the Amended Complaint which had already been dismissed by this Court, and does not cure any of the jurisdictional defects identified by the Court's Memorandum Opinion. The Plaintiff has already been availed of the opportunity to re-file his claim and cure any deficiencies. Allowing Plaintiff to file a third amended complaint would only serve to needlessly extend this litigation, and subject the Defendants to additional cost in added time, attention and financial expense. As such, the Court finds that any amendment would be futile. *See Carney v. Edna Mahan Corr. Facility*, Civ. No. 17-3743, 2017 WL 3394325, at *1 (D.N.J. Aug. 7, 2017) (dismissing claims with prejudice when dismissing on Eleventh Amendment sovereign immunity grounds); *Wright v. Wetzel*, Civ. No. 15-05109, 2016 WL 3654427, at *3 (E.D. Pa. July 8, 2016) (same); *Smith-McGowan v. United States*, Civ. No. 07-00827, 2007 WL 9813135, at *1 (E.D. Pa. May 18, 2007) (same).

Accordingly, the Court will dismiss the Amended Complaint with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE**. An appropriate Order will accompany this Opinion.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: May 3, 2024